UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LATIQUE JOHNSON,

          Plaintiff,
                    9:13-CV-1449
v.                       (DNH/TWD)

ALBERT PRACK,
P. KENNEDY,

          Defendants.
_____

APPEARANCES:                OF COUNSEL:

LATIQUE JOHNSON,
Plaintiff pro se
3402 Wright Ave., #3
Bronx, NY 10475

HON. ERIC T. SCHNEIDERMAN         KEVIN M. HAYDEN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

   This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 31.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court

grant the motion and dismiss this action.

I.     BACKGROUND

In this action, Plaintiff Latique Johnson claims that Defendants Albert Prack and P. Kennedy placed Plaintiff in disciplinary segregation in violation of his rights to due process and equal protection. (Dkt. No. 1.)

On February 25, 2014, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 14.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 4. The order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.* at 4-5.

On May 21, 2014, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 25.) On September 15, 2014, Defendants served a deposition notice on Plaintiff. (Dkt. No. 31-2.) The deposition was scheduled for October 16, 2014, at the Federal Courthouse in Syracuse, New York. *Id*. The letter accompanying the deposition notice warned that Plaintiff could be subject to sanctions including the payment of costs or the dismissal of his action if he failed to appear. *Id*. The letter advised Plaintiff that he could discuss rescheduling if he wished to change the date. *Id*.

On October 9, 2014, Defendants sent a second letter to Plaintiff advising him to call if he needed to reschedule the date of the deposition and warning him that his failure to appear would

2

result in Defendants moving to dismiss the action. (Dkt. No. 31-3.)

On October 15, 2014, defense counsel received a telephone call from Michelle Johnson, Plaintiff's wife, requesting to reschedule Plaintiff's deposition. (Dkt. No. 31-1 ¶ 9.) Defense counsel informed Mrs. Johnson that the discovery deadline was October 24, 2014, and that the deposition must be completed as soon as possible. *Id.* ¶ 10. Mrs. Johnson and defense counsel agreed on a new time and date. *Id.* ¶ 11. On October 15, 2014, Defendants sent a third letter to Plaintiff confirming the change of his deposition date and time and warning him that his failure to appear would result in Defendants "seeking the costs of the court reporter as well as the dismissal of the action." (Dkt. No. 31-4.)

Plaintiff failed to appear for his deposition. (Dkt. No. 31-5.) At 10:18 a.m., when defense counsel was already at the deposition location, Plaintiff left defense counsel a telephone message advising him that he would not appear because of an issue with probation. (Dkt. No. 31-1 ¶ 16.) The court reporter charged defense counsel $166.16. (Dkt. No. 31-6.)

Defendants now move to dismiss the action for Plaintiff's failure to appear at his deposition. (Dkt. No. 31.) Plaintiff has not opposed the motion.

On March 17, 2015, I ordered Plaintiff to reimburse Defendants for the $166.16 in expenses that they incurred as a result of Plaintiff's failure to appear for his deposition. (Dkt. No. 34.) I stated that I would recommend denial of the motion to dismiss if Plaintiff complied with the order, but that I would recommend dismissal if Plaintiff did not comply. *Id*. Plaintiff did not comply with the order. (Dkt. No. 36.) Plaintiff has not made any contact with the Court since September 15, 2014. (Dkt. No. 29.)

## II. ANALYSIS

Defendants move under Federal Rules of Civil Procedure 37(d) and 41(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 31.) Under Rule 37(d):

> The court where the action is pending may, on motion, order sanctions if: a party. . . fails, after being served with proper notice, to appear for that person's deposition . . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vii) [(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination]. Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b).

"'[D]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977)). Thus, such a severe sanction is warranted when plaintiffs, even those proceeding pro se, fail to comply with discovery orders "due to willfulness or bad faith." *Daval Steel Prods. v. Fakredine*, 951 F.2d 1357, 1366-67 (2d Cir. 1991) (citations omitted). A court may consider several factors when

4

considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failure to appear or his failure to pay the monetary sanctions were due to factors beyond his control. Even though Plaintiff called defense counsel on the day of the deposition asking to reschedule because of a conflict with a probation, he has not reiterated or further explained that contention directly to the Court. Plaintiff did not even respond to the motion to dismiss. Accordingly, I find that Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's non-compliance is lengthy, but inconclusive. *See Santiago v. Johnson* No. 9:11-CV-00635, 2013 U.S. Dist. LEXIS 112645, 2013 WL 4049979 (N.D.N.Y Apr. 29, 2013) (finding that the second factor did not weigh in

favor of dismissal where less than six months elapsed between scheduling order and the plaintiff's second scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, Plaintiff has ignored defense counsel's continuous efforts to reach the Plaintiff. These efforts have occurred over the last six months. Because this delay is not as long as the cases cited above, the second factor weighs slightly against dismissal.

Regarding the third factor, the Court and defense counsel advised Plaintiff of his duty to appear at his deposition. Defense counsel repeatedly informed the Plaintiff that if he failed to comply with the deposition request before the discovery deadline, Defendants would move for dismissal. Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has previously imposed lesser sanctions on

6

Plaintiff. As noted above, I ordered Plaintiff to reimburse Defendants for the $166.16 in expenses they incurred as a result of Plaintiff's failure to appear at his deposition. (Dkt. No. 34.) Plaintiff did not comply with the order. (Dkt. No. 36.) Thus, this factor weighs in favor dismissal.

Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is warranted in this case. Therefore, I recommend that the Court grant Defendants' motion to dismiss.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court grant Defendants' motion to dismiss. (Dkt. No. 31.)

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 28, 2015
Syracuse, New York

*[Signature]*
Thérèse Wiley Dancks
United States Magistrate Judge