UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LATIQUE JOHNSON,

                            Plaintiff,

   v.                                                 9:13-CV-1449
                                                           (DNH/TWD)

ALBERT PRACK, Director of Special Housing;
P. KENNEDY, Hearing Officer,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                      OF COUNSEL:

LATIQUE JOHNSON
Plaintiff, pro se
3402 Wright Ave., #3
Bronx, New York 10475

HON. ERIC T. SCHNEIDERMAN            Adrienne J. Kerwin, Esq.
Office of the Attorney General - Albany
Counsel for Defendants
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

      Pro se plaintiff Latique Johnson filed this action on November 11, 2013. On April 28, 2015, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, advised by Report-Recommendation that defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 37(d) and 41(b) be granted. No objections to the Report-Recommendation were filed.

      Reviewing the docket information in this case, it appears that plaintiff has not made

any contact with the court since September 15, 2014. See ECF No. 29. The Report-Recommendation was sent via certified mail to plaintiff's address of record on May 28, 2015 and was returned indicating that forwarding service was not available. See ECF Nos. 39 & 40.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. See Dansby v. Albany County Correctional Facility Staff, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (D.J. Pooler) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. See Lucas v. Miles, 84 F.3d 532, 538 (2d Cir.1996) (*pro se* plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Dumpson v. Goord, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss (ECF No. 31) is GRANTED; and

2. The Clerk serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

United States District Judge

Dated: August 26, 2015
Utica, New York.